1  JAMES D. KOZMOR, INC.
2  James D. Kozmor (State Bar No. 166622)
   jim@kozmorlaw.com
3  1990 South Bundy Drive, Suite 390
   Los Angeles, California 90025
4  Telephone (310) 820-4810
   Facsimile (310) 829-7383
5
   Attorneys for Defendants
6  Hysteric Glamour USA Inc. and
   Ozone Community Corporation dba
7  "Hysteric Glamour"
8
9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12 | DAVID WEISMAN, an individual;              | Case No. LA CV 11-6033 GW (JLx)
13 |     Plaintiff,                             | **ANSWER OF DEFENDANTS
14 | v.                                         | HYSTERIC GLAMOUR USA INC.
                                                  AND OZONE COMMUNITY
15 | SANRIO FAR EAST COMPANY, a                 | CORPORATION dba HYSTERIC
16 | Japanese corporation; HYSTERIC             | GLAMOUR**
     GLAMOUR, a Japanese corporation;
17 | HYSTERIC GLAMOUR USA, a
     California corporation, MICHAEL
18 | POST, an individual, and DOES 1
     through 10, inclusive,
19
         Defendants.
20

Defendants Hysteric Glamour USA Inc. and Ozone Community Corporation dba Hysteric Glamour (collectively "the Hysteric Glamour Defendants"), for themselves and for no other parties herein, in response to the Complaint of plaintiff David Weisman, answer as follows:

1. Answering Paragraph 1, the Hysteric Glamour Defendants admit that the Complaint purports to allege that jurisdiction is proper; except as otherwise admitted, the Hysteric Glamour Defendants specifically deny the remaining allegations contained therein.

2. Answering Paragraph 2, the Hysteric Glamour Defendants admit that the Complaint purports to allege that jurisdiction is proper; except as otherwise admitted, the Hysteric Glamour Defendants specifically deny the remaining allegations contained therein.

3. Answering Paragraph 3, the Hysteric Glamour Defendants admit that the Complaint purports to allege that venue is proper; except as otherwise admitted, the Hysteric Glamour Defendants specifically deny the remaining allegations contained therein.

4. Answering Paragraph 4, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

5. Answering Paragraph 5, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

6. Answering Paragraph 6, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

7. Answering Paragraph 7, the Hysteric Glamour Defendants deny each and every allegation contained therein.

8.   Answering Paragraph 8, the Hysteric Glamour Defendants admit the allegations contained therein.

9.   Answering Paragraph 9, the Hysteric Glamour Defendants admit that representatives of Hysteric Glamour USA Inc. negotiated and reached a license agreement with Plaintiff; except as otherwise admitted, the Hysteric Glamour Defendants specifically deny the remaining allegations contained therein.

10.  Answering Paragraph 10, the Hysteric Glamour Defendants admit that defendant Hysteric Glamour USA Inc. is an agent of defendant Ozone Community Corporation and is doing business in the State of California; except as otherwise admitted, the Hysteric Glamour Defendants specifically deny the remaining allegations contained therein.

11.  Answering Paragraph 11, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

12.  Answering Paragraph 12, the Hysteric Glamour Defendants admit that Edie Sedgwick starred in the film entitled "Ciao! Manhattan" and is deceased; except as otherwise admitted, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the remaining allegations contained therein.

13.  Answering Paragraph 13, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

14.  Answering Paragraph 14, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

15.  Answering Paragraph 15, the Hysteric Glamour Defendants admit that a copy of a document is attached as Exhibit A and that such document speaks for itself; except as otherwise admitted, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained therein, and therefore deny the remaining allegations contained therein.

16. Answering Paragraph 16, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

17. Answering Paragraph 17, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

18. Answering Paragraph 18, the Hysteric Glamour Defendants admit that defendant Sanrio is the agent for a third party that entered into a license agreement with Ozone Community Corporation regarding the use of certain names, symbols, designs, logos, artwork, copyrights, trade dress and trademarks on articles of merchandise; except as otherwise admitted, the Hysteric Glamour Defendants deny the remaining allegations contained therein.

19. Answering Paragraph 19, the Hysteric Glamour Defendants deny each and every allegation contained therein.

20. Answering Paragraph 20, the Hysteric Glamour Defendants admit that representatives of defendant Hysteric Glamour USA Inc. contacted plaintiff, negotiated and reached a license agreement with plaintiff, and sent plaintiff the first payment pursuant to such license agreement; except as otherwise admitted, the Hysteric Glamour Defendants deny the remaining allegations contained therein.

21. Answering Paragraph 21, the Hysteric Glamour Defendants deny each and every allegation contained therein.

22. Answering Paragraph 22, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

23. Answering Paragraph 23, the Hysteric Glamour Defendants incorporate by reference their responses set forth in paragraphs 1 through 22 above.

24. Answering Paragraph 24, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

25. Answering Paragraph 25, the Hysteric Glamour Defendants admit that a copy of a document is attached as Exhibit B and that such document speaks for itself; except as otherwise admitted, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the remaining allegations contained therein.

26. Answering Paragraph 26, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

27. Answering Paragraph 27, the Hysteric Glamour Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28, the Hysteric Glamour Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29, the Hysteric Glamour Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30, the Hysteric Glamour Defendants incorporate by reference their responses set forth in paragraphs 1 through 29 above.

31. Answering Paragraph 31, the Hysteric Glamour Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32, the Hysteric Glamour Defendants incorporate by reference their responses set forth in paragraphs 1 through 31 above.

33. Answering Paragraph 33, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

34. Answering Paragraph 34, the Hysteric Glamour Defendants deny each and every allegation contained therein.

35. Answering Paragraph 35, the Hysteric Glamour Defendants deny each and every allegation contained therein.

36. Answering Paragraph 36, the Hysteric Glamour Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37, the Hysteric Glamour Defendants deny each and every allegation contained therein.

38. Answering Paragraph 38, the Hysteric Glamour Defendants incorporate by reference their responses set forth in paragraphs 1 through 37 above.

39. Answering Paragraph 39, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

40. Answering Paragraph 40, the Hysteric Glamour Defendants deny that they have used, and continue to use, the name and image of Edith Sedgwick without regard for plaintiff's rights; the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny each and every allegation contained therein.

41. Answering Paragraph 41, the Hysteric Glamour Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny each and every allegation contained therein.

**AS AND FOR AFFIRMATIVE DEFENSES, the Hysteric Glamour Defendants allege as follows:**

### FIRST AFFIRMATIVE DEFENSE

1. Each and every claim for relief and/or cause of action alleged in the Complaint fails to state a claim upon which relief can be granted by this Court.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint, as well as each and every alleged claim for relief therein, is barred by plaintiff's consent to the alleged acts and omissions.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff is barred from recovering on any of the claims for relief and/or causes of action set forth in the Complaint under the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is barred from recovering on any of his claims for relief and/or causes of action set forth in the Complaint under the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff has unreasonably delayed in asserting his claims and/or causes of action and therefore is barred by the doctrine of laches from seeking any relief.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Hysteric Glamour Defendants performed all obligations to plaintiff, except to the extent that performance was prevented or excused by the conduct of plaintiff and plaintiff's representatives.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff is guilty of unclean hands with respect to the transactions at issue in the Complaint and, therefore, is barred from obtaining, and is not entitled to, the relief sought, or any relief whatever.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff is barred from recovering on some or all of the purported claims for relief because of plaintiff's breach of the implied covenant of good faith and fair dealing.

**NINTH AFFIRMATIVE DEFENSE**

9. The Complaint, as well as each and every alleged claim for relief therein, is barred by plaintiff's breach of contract.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff granted a nonexclusive license to the Hysteric Glamour Defendants to use certain photographs that bars Plaintiff from recovering on some or all of the purported claims for relief.

The Hysteric Glamour Defendants reserve the right to amend this answer, to assert additional affirmative defenses, and to supplement, alter, or change this answer upon discovery and investigation in this matter.

**WHEREFORE**, the Hysteric Glamour Defendants pray that Plaintiff take nothing by reason of his Complaint, for attorneys' fees and costs of suit incurred herein, and for such other and further relief as this Court may deem just and proper.

DATED: September 14, 2011          JAMES D. KOZMOR, INC.


By _____
James D. Kozmor

Attorneys for Defendants Hysteric Glamour USA Inc. and Ozone Community Corporation dba "Hysteric Glamour"