UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-6033-GW(JCx)** | Date | September 8, 2014 |
| Title | *David Weisman v. Sanrio Far East Company, et al.* | Page | 1 of 5 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) – COURT ORDER**

     This action started with the filing of the Complaint in this Court on July 21, 2011. Plaintiff David Weisman sued Sanrio Far East Company, Hysteric Glamour USA and Michael Post for copyright infringement, contributory infringement, violation of statutory right of publicity (California Civil Code § 3344.1), and declaratory relief. *See* Docket No. 1. Jurisdiction in this Court was predicated on federal question jurisdiction and supplemental jurisdiction.  *See* Complaint ¶¶ 1-2.  On October 12, 2011, Post filed an Answer and Counterclaim (and now-dismissed Crossclaims against co-defendants). *See* Docket No. 18. All defendants other than Post were dismissed from the case, with prejudice, on October 2, 2012, as were Weisman's copyright-based claims. *See* Docket No. 62.

     The Court has had under submission dueling motions for summary judgment filed by Weisman and Post. *Multiple* hearings, with *multiple* rounds of supplemental briefing, have been completed, with the Court largely focused, in the end, on the question of what remains to be decided in this action if it followed the course it had suggested it would take in its *multiple* tentative rulings. *See, e.g.*, Docket Nos. 123, 141, 148. As the Court last noted in its March 20, 2014, "Further Consideration of the Parties' Motions for Summary Judgment" (hereinafter "Further Consideration"), plaintiff/counter-defendant David Weisman's motion:

     sought summary judgment or summary adjudication of his affirmative claims for
     1) violation of a right of publicity pursuant to California Civil Code § 3344.1 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-6033-GW(JCx)** | Date | September 8, 2014 |
| Title | *David Weisman v. Sanrio Far East Company, et al.* | Page | 2 of 5 |

2) declaratory judgment. Weisman's request for declaratory relief sought "a declaratory judgment…which declares that the Publicity Rights are wholly owned by [Weisman] pursuant to the contract signed by [Edie] Sedgwick on December 18, 1970." Complaint ¶ 41. Weisman also moved for summary judgment or summary adjudication on defendant/counter-claimant Michael Post's counter-claim for violation of common law and statutory rights of publicity pursuant to Cal. Civ. Code § 3344.1. Post's motion for summary judgment sought a ruling in his favor on Weisman's third and fourth claims – for 1) violation of the right of publicity under California Civil Code § 3344.1 and 2) declaratory relief.

Docket No. 148, at pg. 2 of 8. In the final paragraph of the Further Consideration, the Court sought guidance from the parties as to what more they thought was left of this case. *See* Docket No. 148, at pg. 8 of 8. The parties provided that submission on May 1, 2014. *See* Docket No. 159. For the reasons the Court has addressed at the earlier hearings on these motions (and in the earlier tentative rulings accompanying those hearings), the Court grants Weisman's motion as to Post's counter-claim for violation of any *common law* right of publicity or any right of publicity flowing from California Civil Code § *3344*, and grants Weisman declaratory relief with respect to ownership of Edie Sedgwick's publicity rights within the timeframe the Court has indicated is covered by Weisman's December 18, 1970 contract with Sedgwick.

The Court denies all other requested relief, and dismisses the remaining claims without prejudice,[1] concluding (with the exception of the relief granted in the preceding sentence) either that 1) the case is no longer ripe for adjudication, or 2) to the extent there are any "live" issues, they are issues of state law over which this Court has only supplemental jurisdiction, which it will decline at this time, or 3) to the extent there are any "live" issues, they are declaratory relief issues that the Court will not resolve because of its perception of the overlap between publicity rights and copyright rights in this case, the ill-definition of the issues and/or Weisman's decision,

---

[1] "If a federal court declines to exercise supplemental jurisdiction, its dismissal of the state law claims should expressly be *without* prejudice so that plaintiff may refile his or her claims in the appropriate state court." Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2011) § 2:965, at 2B-86.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-6033-GW(JCx)** | Date | September 8, 2014 |
| Title | *David Weisman v. Sanrio Far East Company, et al.* | Page | 3 of 5 |

earlier in the action, to dismiss his affirmative copyright claims. *See* Docket No. 62.

The parties have attempted to crystallize issues on which they seek further rulings from the Court,[2] but it is now clear to this Court that they are unable to define the concrete contours of any remaining dispute amongst them sufficient to allow this Court to issue any further *declaratory* relief. The Court has repeatedly asked the parties to specify what images are properly at issue in this case and that are: a) not covered by the Court's rulings (and/or its explanations of its understanding of the interplay between federal copyright and state publicity rights) thus far, and b) which one or more of the parties are actively seeking to use, in derogation of the rights asserted by the other party(ies). *See City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1004-05 (9th Cir. 2010) ("'The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (quoting *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009)). They have largely failed in this regard. "Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). Because the parties have failed to identify any images that satisfy the above characteristics, the Court concludes that any further decision in this case would be unwarranted, if not improper under Article III considerations.

If, indeed, the Court's appreciation of the parties' dispute is incorrect and there is some actual, concrete, present dispute between the parties concerning the use of specific images that fall outside of the Court's earlier rulings (and/or musings), it appears to this Court that any such remaining dispute would be a matter of state law over which this Court would decline to exercise

---

[2] Both parties believe there is something still to be decided under California Civil Code § 3344.1 – whether all of Sedgwick's commercial value stemmed from and arose out of the film and/or whether Post succeeded automatically to any publicity rights of Sedgwick under that statute – and, consequently, "the extent of the parties' rights under § 3344.1." *See* Docket No. 159, at 3:18-4:1, 4:20-5:5, 5:22-27, 6:24-7:6.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-6033-GW(JCx)** | Date | September 8, 2014 |
| Title | *David Weisman v. Sanrio Far East Company, et al.* | Page | 4 of 5 |

supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1) and/or (3). Section 1367(c)(1) allows a court to decline the exercise of supplemental jurisdiction if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). Here, depending on the outcome of the "commercial value" question,[3] the California Civil Code § 3344.1 issues concern, to some degree, Post's rights as Sedgwick's surviving spouse, *see* Cal. Civ. Code § 3344.1(d)(1), but those rights in turn are, in this Court's view, impacted by the Probate Court's "Order Assigning Estate" governing Sedgwick's estate and Sedgwick's intestate status when she passed. The Probate Court's Order defined a closed, finite, estate. While there is case law (and, in fact, a statutory provision, *see* Cal. Civ. Code § 3344.1(b)) governing the passing of such rights by way of a will or trust, *see, e.g.*, *Milton H. Green Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983 (9th Cir. 2012), this Court has been unable to find any decisions combining the factors seemingly affecting such potential succession here – intestacy and an estate distribution order with a finite, defined, estate. The Court has indicated thus far that, in its view, Post will have a difficult time prevailing in his Civil Code section 3344.1 counterclaim until the issues surrounding the Probate Court's Order are cleared up, but he has expressed no inclination to do so. In the absence of such an effort, this Court believes that this uncertain issue of state law is sufficiently "novel" and/or "complex" to satisfy the dictates of 28 U.S.C. § 1367(c)(1). *See Medrano v. City of Los Angeles*, 973 F.2d 1499, 1505-06 (9th Cir. 1992) (affirming decision to decline pendent jurisdiction where state claims "involved complicated state law issues of ascendant and collateral heirship [and] intestate succession," among others).

In addition, 28 U.S.C. § 1367(c)(3) allows a court to decline the exercise of supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, as noted above, the only claims over which this

---

[3] Within the meaning of California Civil Code § 3344.1, "deceased personality" means "any natural person whose name, voice, signature, photograph, or likeness has commercial value *at the time of his or her death*." Cal. Civ. Code § 3344.1(h) (emphasis added).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-6033-GW(JCx)** | Date | September 8, 2014 |
| Title | *David Weisman v. Sanrio Far East Company, et al.* | Page | 5 of 5 |

Court had original jurisdiction – Weisman's copyright claims – were voluntarily dismissed in October 2012. While the Court has maintained jurisdiction over this action for close to two years following that dismissal, it is only relatively recently that the Court determined an inability to proceed with this matter further in light of the considerations discussed above. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1285-88 (8th Cir. 1998) (affirming decision to decline supplemental jurisdiction *after* court had already granted motion for summary judgment on all claims, *including* state-law claims). *But see Trs. of Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (concluding that it was abuse of discretion to decline supplemental jurisdiction where court had managed case through year of discovery after allowing amendment to add state claim, "bringing the case into its third year," then granted partial summary judgment on state claim only to dismiss case seven days before trial: "Dismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources.").

     Thus, with the exception of the relief granted by way of the second paragraph of this ruling, the action is dismissed. If any state-law issues remain to be decided, the parties may pursue their resolution in state court to the extent permitted by that forum. Weisman's counsel to prepare and lodge by September 15, 2014, a final Order and Judgment consistent with the foregoing.