JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEISMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL POST,<br><br>        Defendant. | No. CV-11-6033-GW(JCx)<br><br>**JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 58, the Court issues the following Judgment in this action.

I. <u>BACKGROUND</u>[1]

This case involves the ownership of images and publicity rights as to deceased model/actress Edie Sedgwick. On December 18, 1970, Plaintiff David Weisman ("Plaintiff") and Sedgwick entered into a contract in which Sedgwick granted Plaintiff "all rights, worldwide, in perpetuity, in all media and in all means whether presently known or unknown, to the results and proceeds of [Sedgwick's] services, and . . . the right to utilize [Sedgwick's] name, likeness and biography in connection with advertising or publicizing the motion picture 'CIAO! MANHATTAN.'" *See* Docket No. 123 at page 4 of 10.

---

[1] While normally exposition and background are not included in a judgment, in order for a reader to understand this Court's rulings, some introduction and explanation is necessary.

1    On July 21, 2011, Plaintiff filed a complaint alleging claims for: (1) copyright infringement, (2) contributory copyright infringement, (3) violation of Plaintiff's statutory right of publicity pursuant to Cal. Civ. Code § 3344.1, and (4) declaratory judgment against Defendants Michael Post ("Post"), Hysteric Glamour USA, and Sanrio Far East Company. *See* Docket No. 1. Post was married to Sedgwick at the time of her death in 1971. *See* Docket No. 118-1 at page 2 of 9. On October 12, 2011, Post filed an answer and a counterclaim alleging that Plaintiff violated Post's common law and statutory successor-in-interest rights. *See* Docket No. 18.

On October 2, 2012, all of Plaintiff's claims against Defendants Hysteric Glamour USA and Sanrio Far East Company were dismissed with prejudice as a result of settlement. *See* Docket No. 62. Also as a result of the settlement, Plaintiff's copyright infringement claims against Post were dismissed with prejudice. Remaining were Plaintiff's § 3344.1 and declaratory relief claims against Post, as well as Post's successor-in-interest counterclaim against Plaintiff. *Id.* Thereafter, the parties filed cross motions for summary judgment primarily seeking declaratory relief. *See* Docket No. 115 at page 5 of 7 and No. 116 at pages 19-20 of 20. After multiple rounds of hearings and supplemental briefings and several interim Court orders (*see* Docket Nos. 123, 141, 148, 160 and 161), the Court entered its September 8, 2014 Order, which resolved those remaining claims in the case which were capable of being resolved.

II. Judgment

After reviewing all of the materials in the case file and considering the oral arguments of counsel, the Court issues the following Declarations/Judgment:

1. Plaintiff's rights stemming from his December 1970 contract with Sedgwick are limited to Sedgwick's services provided in connection with her work on CIAO! MANHATTAN during the period of time specified by the contract. As so limited, those rights extend "worldwide" to any and all images of Sedgwick created in connection with that motion picture "in all media and in all means whether . . . known

or unknown" at the time of the contract. In addition and pursuant to said contract, Plaintiff has the right to use Sedgwick's "name, likeness and biography in connection with advertising or publicizing the motion picture."

    2. Plaintiff registered CIAO! MANHATTAN with the U.S. Copyright Office in October of 1983 and, therefore, has the additional rights to the images of Sedgwick that arise from that copyright registration. However, because Plaintiff's causes of action against Post for copyright infringement and contributory copyright infringement were previously dismissed, the extent of Plaintiff's rights in that copyright was not delineated in this action.

    3. Except as provided in paragraphs 1 and 2 above, Plaintiff has not established a basis for ownership interests in images of Sedgwick under California Civil Code § 3344.1.

    4. Judgment is granted in favor of Plaintiff and against Post as to Post's counterclaim to the extent that it is based on any common law/commercial misappropriation rights (or any rights under California Civil Code § 3344) because such rights do not survive death and are not descendible.

    5. Except as provided above, the Court denies all other requested relief, and dismisses the remaining claims without prejudice, concluding that: (a) the case is no longer ripe for adjudication; (b) to the extent there are any "live" issues, they are issues of state law over which this Court has only supplemental jurisdiction, which it declines at this time pursuant to 28 U.S.C. § 1367(c); and/or (c) to the extent there are any "live" issues, they are declaratory relief issues that the Court cannot resolve because of the amorphous nature of the problems raised. For example, the Court cannot make a declaration as to whether Post has any rights to Sedgwick's images, likeness or name under Section 3344.1 for a number of reasons including the problem of the "Order Assigning Estate" issued by the Probate Court in the County of Santa Barbara. *See* Docket No. 161 at pages 3-4 of 5.

///

6. The Court does not find that either side is the "prevailing party" on the § 3344.1 claims/issues and, thus, each side is to bear his own costs and attorney's fees.

Dated: This 24th day of September, 2014.

_____
GEORGE H. WU
United States District Judge

-4-